UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. WILLIS, | ) | No. ED CV 08-00744-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

considered the treating physician's opinion regarding disability;

2. Whether the ALJ made proper credibility findings;

3. Whether the ALJ properly considered Plaintiff's residual functional capacity ("RFC"); and

4. Whether the ALJ posed a complete hypothetical question to the vocational expert ("VE").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN HIS EVALUATION OF**

**THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

On February 5, 2008, Dr. Juan Velasquez, Plaintiff's treating physician, wrote a letter "To Whom It May Concern" in which he opined that Plaintiff is unable to do any type of work at this time due to diagnosis of physical and mental impairments. (AR 217.)[1]

Plaintiff contends that the ALJ improperly rejected Dr. Velasquez's opinion as to total disability, and asserts that Dr. Velasquez's findings are supported by the medical record. (See JS at 4, citing a medical report of a treating physician at the San Bernardino County Transitional Assistance Department, at AR 187.) Further, Plaintiff argues that the ALJ improperly ignored Dr.

---

[1] Dr. Velasquez also wrote a similar letter on April 7, 2008, following the issuance of the decision by the ALJ. (AR 31.) That letter was considered by the Appeals Council, which found no reason to alter the ALJ's decision. (AR 7, 4-6.)

2

1  Velasquez's statement that Plaintiff has been "very reliable and
2  compliant" with the doctor's recommendations, instead relying upon a
3  December 28, 2007 medical report from McKee Clinic, a treating source,
4  which the ALJ interpreted as supporting a finding that Plaintiff had
5  not been compliant with prescribed medication. (JS at 5, citing AR
6  16.)

7  Plaintiff ignores a basic tenet of Social Security law, that the
8  Social Security Administration ("SSA") is not bound by ultimate
9  opinions of disability voiced by medical experts.  This is plainly
10 laid out in applicable regulations and case law. (See 20 C.F.R.
11 §§404.1527(e)(1), 416.927(e)(1) (2008), Nyman v. Heckler, 779 F.2d
12 528, 531 (9th Cir. 1985)).

13 Moreover, Plaintiff is wrong in asserting that the ALJ rejected
14 Dr. Velasquez's opinion solely because of Plaintiff's lack of
15 compliance with medication.  The ALJ's decision sets forth a number of
16 reasons based on evidence in the record.  These include a summary of
17 medical evidence which contradicts Dr. Velasquez's broad conclusion
18 that Plaintiff is "unable to stand, sit or walk for extended periods
19 of time." (AR 217.)  Cited in the decision was the ALJ's determination
20 that there was a lack of clinical or objective evidence to support Dr.
21 Velasquez's conclusions.  Plaintiff fails to point to any such
22 diagnostic information upon which Dr. Velasquez may have relied.  It
23 is basic Social Security law that an ALJ need not accept conclusory
24 opinions which are unsupported by clinical findings, or inadequately
25 supported.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).
26 Thus, Plaintiff has no answer for the ALJ's statement that there is a
27 lack of evidence of radiological studies which show any
28 musculoskeletal disorder. (See AR at 17.)  Neither does Plaintiff

point to medical evidence which would contradict the ALJ's conclusion that he has displayed no documented persistent signs of chronic neurological deficits or weakness.  With regard to non-compliance with medications, Plaintiff does not address the ALJ's observation that he failed to get a knee x-ray which his physician had recommended the year before. (See AR at 17.)  Plaintiff had also been non-compliant with his treatment for diabetes and hypertension (AR 16, 167, 208), another factor which the ALJ cited, and which Plaintiff does not contest.  Finally, the ALJ noted that there was a lack of evidence to demonstrate that Plaintiff's hyperlipidemia was disabling; in fact, the medical records show that this condition was controlled. (AR 17, 212.)

    Thus, apart from the fact that Plaintiff's treating physician rendered an ultimate opinion on disability which is not entitled to deference, there is a lack of medical evidence in the record to demonstrate substantial support for Dr. Velasquez's conclusion that Plaintiff is disabled.[2]

    For the foregoing reasons, the Court finds that the ALJ did provide the requisite specific and legitimate reasons to controvert the opinion as to disability rendered by Dr. Velasquez.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

//
//
//

**II**

---

[2] The Court notes that Plaintiff has failed to discuss the issue of mental impairment, or how such mental impairment might be disabling.

4

**THE ALJ DID NOT IMPROPERLY DEPRECIATE PLAINTIFF'S CREDIBILITY**

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not credible to the extent they are inconsistent with the RFC assessment. (See AR at 16.) Plaintiff contends that the ALJ failed to make proper credibility findings, in that there are insufficient reasons set forth in the record to depreciate Plaintiff's credibility. (See JS at 9, et seq.) Again, however, Plaintiff fails to properly reflect the full extent of the reasoning in the decision as to the issue of credibility assessment. Plaintiff argues that the ALJ relied solely on his finding that Plaintiff is not compliant with his medications. (JS at 10, AR 16.) This issue has been discussed by the Court in its determination of Plaintiff's first issue; however, numerous other reasons are set forth in the decision. For example, the ALJ noted that Plaintiff testified he had not done any work on a motorcycle or car since late 2005 because of poor vision; yet, he was working on a vehicle in 2007 when he burned his hand on radiator fluid. (AR at 16, citing AR 209.) Further, the ALJ addressed Plaintiff's allegations that he had suffered multiple heart attacks, finding that the medical evidence did not support this claim. (AR 16, 50, 183.) Further, Plaintiff claimed that he had diabetic retinopathy, but the ALJ relied on Dr. Mazuryk's opinion, based upon a review of Plaintiff's medical records, that no evidence supported the existence of such a condition. (AR 16, 185.) The ALJ was entitled to rely upon Dr. Mazuryk's conclusion based on his review of the medical records. See Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989).

It is apparent that the ALJ relied upon much more extensive evidence than Plaintiff makes out in order to substantiate the

5

depreciation of his credibility. The ALJ utilized ordinary techniques of credibility evaluation which are endorsed by the regulations (see 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3)(2008)), and did not run afoul of case law which governs the evaluation of relevant evidence to make a credibility determination. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

For the foregoing reasons, the Court finds no error in the ALJ's credibility evaluation.

**III**

**THE ALJ DID NOT ERR IN ASSESSING PLAINTIFF'S RFC**

**OR IN THE HYPOTHETICAL QUESTIONS POSED TO THE VE**

Plaintiff's third and fourth issues each rely upon the error asserted as to the first issue; that is, the ALJ's depreciation of Dr. Velasquez's ultimate opinion as to Plaintiff's disability. In the third issue, he argues that the ALJ erred in determining his RFC by failure to incorporate Dr. Velasquez's opinion. (JS at 14, et seq.)

The Court sees no need to repeat its discussion with regard to the ALJ's assessment of Dr. Velasquez's opinion, which is the sole basis for the assessment of error with regard to the ALJ's determination of Plaintiff's RFC. Indeed, the limitations assessed by the ALJ (see AR at 15) are more restrictive than those found by the State Agency's doctors. (AR 18, 174-178, 181, 185.) These State Agency physician opinions were themselves substantial evidence. See Magallanes, 881 F.2d at 752-753.

With regard to Plaintiff's mental limitations, the ALJ assessed that Plaintiff has severe depression, with moderately impaired

concentration, persistence and pace. (AR 13, 14.)  The ALJ relied upon criteria set forth in regulations to make these assessments. (See 20 C.F.R. §§404.1520a(c)(3), (d)(1), 416.920a(c)(3), (d(1)(2008).)  The ALJ's mental and physical RFC findings were supported by substantial findings in the record.

Plaintiff's final issue is that the ALJ failed to pose a complete hypothetical question to the VE.  Again, the asserted basis for error is that the ALJ failed to incorporate Dr. Velasquez's opinion as to disability. (See JS at 18.)  The Court has already disposed of Plaintiff's arguments with regard to the ALJ's depreciation of Dr. Velasquez's opinion.  Here, the ALJ posed a hypothetical which incorporated Plaintiff's limitations and restrictions, as required by case law.  See Embry v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).

For the above reasons, there is no error in the questions posed to the VE at the hearing.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 26, 2009                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

7